IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| POST-CONFIRMATION COMMITTEE FOR SMALL LOANS, INC., | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-195 (WLS) |
| W. DEREK MARTIN, as Executor of the Estate of Vance R. Martin, *et al.* | : |
| Defendants. | : |

## ORDER

Pending before the Court is a Motion to Compel Discovery filed by Defendants W. Derek Martin, as Executor of the Estate of Vance R. Martin, W. Derek Martin, Martin Family Group, LLLP, Martin Sublease, LLC, Martin Investments, Inc., W. Derek Martin, as Trustee for the Vance R. Martin GST Exempt Family Trust f/b/o W. Derek Martin, and Shana Shockley Martin ("the Martin Defendants"). (Doc. 86.) Therein, the Martin Defendants seek to compel Plaintiff Post-Confirmation Committee for Small Loans, Inc. ("the Committee") to do the following:

1. To produce all attorney billing records and similar documents supporting the Committee's claims for attorney's fees;

2. To produce the identity of, and discoverable information with respect to, any person or entity that is not a party to this suit but whose conduct the Committee contends contributed to the injury or damages associated with the various breach-of-fiduciary-duty claims alleged in the Committee's complaint;

3. To specify the documents the Committee has said will be provided to the Martin Defendants in lieu of furnishing written responses to Interrogatories 3, 8, 9, 15, 23, and 30 of Defendant Derek Martin's First Interrogatories to the Committee, and Interrogatory 1 of Defendant Martin Sublease, LLC's First Interrogatories to the Committee; and

4. To provide verifications under oath of the Committee's responses to the Martin Defendants' Interrogatories.

1

(*See* Doc. 86.)  The Court addresses each of these requests in turn.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Courts must "adhere to the liberal spirit of the Rules" governing discovery.  *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973) (citing *Wallin v. Fuller & Nationwide Mut. Ins. Co.*, 476 F.2d 1204 (5th Cir. 1973)).  Though the party seeking the discovery materials bears the burden of demonstrating the relevance thereof, the party opposing disclosing the materials bears the "burden of establishing that a privilege or the work-product doctrine exempts these documents from discovery."  *See* Fed. R. Civ. P. 26(b)(1); *see also Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)).

### I.    Records Supporting the Committee's Claim for Attorney's Fees

The Martin Defendants seek production of "[a]ny documents which evidence or relate to any attorney's fees sought to be recovered by [the Committee], including, without limitation, billing statements."  (Doc. 86-1 at 3.)  Although the Committee initially refused to provide any documentation regarding billing statements, it later provided the Martin Defendants with redacted invoices showing dates of services rendered, initials of the persons who rendered the services, amounts of time spent on such services, and the hourly rate.  (*See* Docs. 86-2 & 95-2.)

The Court finds that the billing records are not relevant to any claim or defense in this matter.  The Committee has asserted that, if it prevails in this suit, the Defendants will be required to pay its attorney's fees.  Billing records evidence the amount of attorney's fees accumulated to date and, from such records, Parties will argue and the Court will determine whether the amount sought in attorney's fees is reasonable.  However, whether the Committee will be able to collect attorney's fees if it prevails is a matter of law.  Assuming the Committee prevails and the law allows it to collect attorney's fees, it will have the burden of establishing the appropriate amount of attorney's fees it is owed.  *See Norman v. Housing*

*Auth. of City of Montgomery*, 836 F.2d 1291, 1303 (11th Cir. 1988).  If this case concludes in the Defendants' favor, the billing records will never be relevant.  As such, the Court finds that the Martin Defendants have failed to meet their burden of establishing that the billing records they seek are relevant to any claim or defense in this case.  According, the Martin Defendants' Motion to Compel billing records is **DENIED.**

## II. Identity of Culpable Non-Parties

Next, the Martin Defendants seek to compel the Committee to disclose the identities of "certain professionals" involved in the Debtors' loss, as requested by Interrogatory No. 11.  (*See* Docs. 86-6 at 7-8 & 95 at 5-6.)  In the Complaint, the Committee alleged that the Defendants' looting of the Debtors' assets, "as well as a confluence of other factors (including, among other things, *the malpractice of certain professionals* not the subject of this complaint), led to the downfall of the debtors and the loss of tens of millions of dollars of capital extended by Investors."  (Doc. 1 ¶ 18 (emphasis supplied).)  The Martin Defendants argue that the professionals' malfeasant acts are relevant to their apportionment defense under Georgia law.  (Doc. 86-6 at 7.)  The Committee asserts that the losses caused by the referenced professional malpractice are independent of the losses caused by the Martin Defendants, the apportionment defense is not relevant at this stage in the litigation, and, in any event, the Committee seeks to withdraw the portion of its Complaint that refers to the acts of non-parties.  (Doc. 94 at 4-5.)

The Court finds that the referenced identities and information related thereto are relevant to the Martin Defendants' defense.  Ga. Code Ann. § 51-12-33 permits juries to "apportion its award of damages among the persons who are liable according to the percentage of fault of each person."  "The statutory scheme is designed to apportion damages among 'all persons or entities who contributed to the alleged injury or damages'— even persons who are not and could not be made parties to the lawsuit."  *Couch v. Red Rood Inns, Inc.*, 729 S.E.2d 378, 381 (Ga. 2012).  The alleged injury or damages are those suffered by the Debtors allegedly by the looting of corporate assets by the Defendants.  The referenced portion of the Committee's complaint opens the door to the reasonable conclusion that "certain professionals" contributed to the injuries or damages suffered by

3

the Debtors. Accordingly, the Court finds that Interrogatory No. 11 is appropriate because it seeks information relevant to the Martin Defendants' apportionment defense under Georgia law. As such, the Martin Defendants' Motion to Compel the referenced identities and information related thereto is **GRANTED.**

### III.   Specification of Documents in lieu of Answering Interrogatories

Next, the Martin Defendants seek to compel identification of the documents the Committee wishes "to produce or permit inspection of . . . in lieu of responding to" particular Interrogatories. (Doc. 86-6 at 9.) Although since the filing of the instant motion to compel the Committee provided a chart detailing particular documents in response to each referenced Interrogatory, the Martin Defendants maintain that qualifying the specific identification of documents in lieu of answers with phrases such as "without limitation" and "among other documents" contravenes the specificity required by Fed. R. Civ. P. 33(d). (Docs. 94 at 6-7 & 95 at 7-8.)

"If the answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies . . . or summaries." Fed. R. Civ. P. 33(d). The Martin Defendants' reply brief indicates that they agree that the Committee's response to the motion to compel cured the deficiencies in its initial responses to the Interrogatories, except, at least arguably, as to Interrogatory Nos. 9 & 30. The only potential deficiency as to the responses to those Interrogatories, however, is the qualifying language referenced above. While the Court agrees that access to a warehouse full of boxes of documents does not necessarily cure the referenced potential deficiencies, the Court finds that the Committee has fully complied with Rule 33(d). The Committee's response provides the Martin Defendants with identifying information to locate specific documents that will answer Interrogatory Nos. 9 & 11. Also, fact discovery has not yet concluded (*see* Doc. 90) and the Committee has asserted that it will

continue to provide identifying information for specific documents as such information becomes known to the Committee. Accordingly, the Martin Defendants' Motion to Compel identifying information of documents in lieu of answers to interrogatories is **DENIED.**

### IV. Verifications Under Oath to Interrogatory Responses

To the extent the Committee's Interrogatory Responses were not made under oath as required by Fed. R. Civ. P. 33(b)(3), the Martin Defendants' motion to compel the amendment of such Responses to comply with the referenced Rule is **GRANTED.**

### CONCLUSION

Based on the foregoing, the Martin Defendants' Motion to Compel (Doc. 86) is **GRANTED-IN-PART and DENIED-IN-PART.** The Committee shall produce to the Martin Defendants all information or documentation as indicated above, as well as amendments or supplements to previous answers or productions, within fourteen (14) days of the entry of this order. The Parties are reminded that the Local Rules of this Court require litigants to work with each other to amicably resolve disputes, and all actions taken by attorneys practicing in this Court must be in good faith and in a professional manner.

**SO ORDERED**, this __6th__ day of November 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT**