IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| POST-CONFIRMATION COMMITTEE FOR SMALL LOANS, INC., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:13-CV-195 (WLS) |
| W. DEREK MARTIN, as Executor of the Estate of Vance R. Martin, *et al.* | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is Plaintiff Post-Confirmation Committee for Small Loans, Inc.'s ("the Committee") Motion to Amend Complaint. (Doc. 97.) Therein, the Committee states that it seeks to amend its complaint to remove certain Defendants (Doc. 97-2 at 1), add James Patrick Johnston as a Defendant (*Id.*), clarify or add particularity to certain factual allegations (*Id.* at 18 & 22), add claims for breach of trust, avoidance and recovery of preferential transfers, and insider trading (*Id.* at 32-33, 44-45 & 59-60), and remove the claim for attorney's fees (*Id.* at 61). Defendants oppose amendment to the complaint because the Committee should or could have discovered earlier the facts necessary to make the proposed amendments, and such amendment will allegedly substantially increase expenditure of legal fees to conduct additional discovery, significantly delay disposition of the lawsuit, and unduly prejudice James Patrick Johnston. (*See* Docs. 100-102 & 105.)

Courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules requires, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Like each

1

of the Federal Rules of Civil Procedure, Rule 15 "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The proposed amendments to the complaint remove defendants, clarify or amplify certain factual allegations, and add one defendant whose wife was originally named in the complaint. The amendments all arise from the same nucleus of operative facts as alleged in the initial complaint. First, under the circumstances of this case, the Court finds irrelevant the Defendants' contention that the Committee could have moved to amend its complaint earlier. The Committee moved to amend its complaint by the deadline established by the Court's order granting a consent motion to extend scheduling deadlines. Further, the additional facts asserted in the amended complaint only clarify or amplify previous factual allegations. The new allegations do not change the scope of this litigation to any degree.

Second, the Court affords little weight to the Defendants' suggestion that the amended complaint will substantially increase necessary legal expenses or time needed to conduct additional discovery. As noted above, the proposed amendments do not add facts outside the scope of the initial complaint. In nearly all respects, the amended complaint is simply a more precise version of the initial complaint.

Lastly, the Court finds that James Patrick Johnston ("Johnston") will not be prejudiced by being added as a party to this suit. That Defendant will have fourteen days after service of the amended complaint to respond, Fed. R. Civ. P. 15(a)(3), and joinder is permissible under Fed. R. Civ. P. 20(a)(2). Adding Johnston as a Defendant to this suit will conserve judicial resources that would be expended opening a new case and beginning motions practice anew in a different judicial district. Whether the Court has personal jurisdiction over Johnston is not for the Court to decide at this juncture.

For the reasons stated above, the Committee's Motion to Amend Complaint (Doc. 97) is **GRANTED.** Also, the Court finds that the amended complaint properly relates back to the date of the original pleading in accordance with Fed. R. Civ. P. 15(c).

**SO ORDERED**, this  6th  day of November 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**