IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| POST-CONFIRMATION COMMITTEE FOR SMALL LOANS, INC., *et al.*, | : : : : |
| Plaintiff, | : : |
| v. | : CASE NO.: 1:13-CV-195 (WLS) : |
| W. DEREK MARTIN, as Executor of the Estate of Vance R. Martin, *et al.*, | : : : |
| Defendants. | : : |

**ORDER**

Present before the Court is Defendants W. Derek Martin, as Executor of the Estate of Vance R. Martin, W. Derek Martin, and Jefferey V. Martin's Motion for Summary Judgment. (Doc. 163.) For the reasons stated herein, the Martin Defendant's Motion for Summary Judgment is **GRANTED.**

**PROCEDURAL HISTORY**

The Post-Confirmation Committee for Small Loans, Inc., *et al.* (hereinafter "the Committee") filed suit against the above-captioned Defendants on December 14, 2013. (Doc. 1.) Among the Defendants are W. Derek Martin, as Executor of the Estate of Vance R. Martin, W. Derek Martin, and Jefferey V. Martin (hereinafter "the Martin Defendants"). The Martin Defendants answered the Complaint on January 29, 2014. (Docs. 38, 40.) After this Court granted leave to amend (*see* Doc. 112), the Committee filed their Amended Complaint on November 7, 2014. (Doc. 113.) The Martin Defendants answered the Amended Complaint on November 21, 2014. (Docs. 119, 121.)

On May 15, 2015, the Martin Defendants filed the instant motion for summary judgment as to Count XXIV of the Amended Complaint. (Doc. 163.) After receiving an extension of time to respond (*see* Doc. 187), the Committee timely responded on June 12, 2015. (Doc. 189.) The Martin Defendants timely replied thereto on June 26, 2015. (Doc.

1

204.) As the movants for summary judgment, the Martin Defendants have complied with M.D. Ga. L.R. 56 by attaching separate and concise statements of material fact to their motion (*see* Doc. 163-7), and the Committee has complied as well by responding to each statement of material fact. (*See* Doc. 189-1.) As such, the Court finds that the Martin Defendants' Motion for Summary Judgment (Doc. 163) is ripe for review.

## **FACTUAL HISTORY**

### I. Introduction

The following facts are derived from the Complaint (Doc. 1), as amended (Doc. 113), the Amended Answers (Docs. 119, 121), the Martin Defendants' Statement of Undisputed Material Facts (Doc. 163-7), and the Committee's Response to the Martin Defendants' Statement of Undisputed Material Facts (Doc. 189-1), all of which were submitted in compliance with M.D. Ga. L.R. 56, and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits submitted, all of which are construed in a light most favorable to the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### II. Relevant Facts

The Money Tree of Georgia, Inc. ("TMG"), Small Loans, Inc. ("SLI"), The Money Tree, Inc. ("TMT"), The Money Tree of Florida, Inc. ("TMF"), and The Money Tree of Louisiana, Inc. ("TML", collectively "the Debtors"), were engaged in the consumer finance business in Georgia, Alabama, Florida, and Louisiana, respectively. (Doc. 113 at ¶ 17.) TMT is the corporate parent of each of the Debtors, as well as other entities. (*Id.* at ¶¶ 17, 44.) The Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code on December 16, 2011 in the United States Bankruptcy Court for the Middle District of Alabama, which was jointly administered and proceeded under *In re Small Loans, Inc., et al.*, Case No. 11-12254. (Docs. 113 at ¶ 9; 163-7 at ¶ 2.)

The Committee was created pursuant to an Amended Joint Plan of Liquidation ("the Plan"), and has exclusive standing to bring any claims and causes of action held by the Debtors, their Affiliates and subsidiaries, and the Estates. (Docs. 113 at ¶ 15; 163-1 at 23-24; 163-7 at ¶ 1.) Specifically, the Plan appointed the Committee "as representatives of the

2

Estates," with the power to "retain" and "enforce all Causes of Action of the Debtors, their Affiliates and subsidiaries, and the Estates." (Docs. 163-1 at 24; 163-7 at ¶ 4.) The Plan defines "Estates" as "estates created in the Cases for each Debtor under section 541 of the Bankruptcy Code." (Docs. 163-1 at 7; 163-7 at ¶ 3.) "Debtors" are also defined to include "collectively, Small Loans, Inc., The Money Tree Inc., The Money Tree of Georgia Inc., The Money Tree of Florida Inc., and The Money Tree of Louisiana, Inc." (Docs. 163-1 at 7; 167-7 at ¶ 6.) With these designated powers, the Committee filed action on behalf of the Debtors against numerous defendants, including the Martin Defendants, on December 14, 2013. (*See* Docs. 1, 113.) The Martin Defendants were corporate officers, directors, or employees, of TMT at various time periods until 2012. (Doc. 113 at ¶¶ 27, 29, 51, 59, 88.)

Count XXIV of the Amended Complaint alleges fraud, under Georgia and federal laws, against the Martin Defendants and Co-Defendant Bradley D. Bellville (hereinafter "Bellville"). (Doc. 113 at ¶¶ 227-234.) The Committee alleges "Rudy Martin, Derek Martin, Jeff Martin and Bellville" each made certain misrepresentations or omissions of material facts in "their public filings with the Securities and Exchange Commission and prospectuses to Investors." (*Id.* at ¶ 228.) Specifically, the Committee alleges the Martin Defendants and Bellville "each owed a duty to Investors to disclose that [Co-Defendants] Martin Sublease and Martin Family Group were making substantial profits or enriching themselves to the detriment of the Debtors and their creditors, including the Investors." (*Id.* at ¶ 229.)

Because of these alleged "false, incorrect, misleading or incomplete" disclosures, the Committee seeks to recover "actual, punitive, and treble damages" from the Martin Defendants and Bellville on behalf of the "Investors and other creditors of the Debtors" who were harmed by their reliance on the alleged fraudulent omissions and misrepresentations. (*See id.* at ¶ 230-234.)

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment where no genuine issue of material fact remains and the party is entitled to judgment as a matter of law. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Chapman*, 229 F.3d at 1023. The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.'" *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, the nonmovant must point to competent record evidence that would be admissible at trial. *See also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and

determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

## II. Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. As stated above, the Parties complied with the Federal Rules of Civil Procedure and the Local Rules by filing timely motion for summary judgment, response and reply thereto, and attached a separate and concise statement of material facts along with a response thereto. The Court will now address this ripe motion.

## **ANALYSIS**

The Martin Defendants argue they are entitled to summary judgment on Count XXIV of the Amended Complaint under state and federal laws. (Doc. 163-6 at 6-10.) The Committee agrees and "does not oppose the relief requested in the Motion with respect to the Plaintiff's standing to bring fraud claims held by individual investors." (Doc. 189 at 1.) In their reply, the Martin Defendants attempt to stretch the Committee's concessions to include "any fraud claim that might conceivably be alleged in the amended complaint." (Doc. 204 at 2.) However, the Court will decline to grant summary judgment on any such fraud claims "in scattered places throughout the amended complaint,"[1] as the Martin Defendants request. (*See* Doc. 163.)

Thus, the Court will construe the Motion and the Committee's concessions narrowly and conduct an independent review of the pending motion. *See United States v. One Piece of*

---

[1] Federal Rule of Civil Procedure 56(a) requires the movant to identify "each claim . . . on which summary judgment is sought."

5

*Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (finding that district courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

### I. The Committee's Property Interest Under Georgia Law

The Martin Defendants assert that the Committee has no property interest in the claims belonging to those Investors personally harmed by the alleged fraudulent conduct of the Martin Defendants and Bellville under Georgia law. "Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). *See also Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir. 1998) ("[T]he nature and existence of the [debtor's] right to property is determined by looking at state law." (quoting *Southtrust Bank of Ala., N.A. v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir. 1989)). Georgia courts have consistently held that a "right of action for injuries arising from fraud cannot be assigned." *Couch v. Crane*, 82 S.E. 459, 463 (Ga. 1914) (citing *Morehead v. Ayers*, 71 S.E. 798 (Ga. 1911)). *See also* O.C.G.A. § 44-12-24; *Cadlerock Joint Venture, L.P. v. Pittard (In re Pittard)*, 358 B.R. 457, 460-61 (Bankr. N.D. Ga. 2006) (citing Georgia case law).

While the Committee purports the Martin Defendants' Statement of Undisputed Facts contains impermissible legal conclusions (*see* Doc. 189-1), the Parties do not seem to dispute the Committee's standing to bring suit on behalf of the Debtors, as outlined under the Plan. (*See* Docs. 113, 119, 121 at ¶ 15; Doc. 163-1 at 23-24.) In Count XXIV of the Amended Complaint, the Committee alleges the Martin Defendants and Bellville "each owed a duty to Investors to disclose" certain financial information, made "false, incorrect, misleading or incomplete" disclosures with the intention to induce the Investors' and other creditors' reliance. (Doc. 113 at ¶¶ 229-231.) And as a result of these alleged misrepresentations and omissions, the Investors and other creditors "were damaged." (*Id.* at ¶ 234.) These allegations describe harm suffered directly by the Investors and creditors of the Debtors, as opposed to harm suffered by the Debtors. Such allegations, under longstanding Georgia law, cannot be assigned to or asserted by individuals or entities other than the individual harmed by the alleged fraudulent conduct.

Thus, there is no genuine dispute as to any material fact the Committee is unauthorized to bring non-assignable fraud claims on behalf of the Investors and other

6

creditors of the Debtors against the Martin Defendants, and the Martin Defendants are entitled to judgment as a matter of Georgia law.

**II. The Committee's Standing Under Federal Law**

The Martin Defendants argue that while the Committee may pursue the general claims of the Debtors, the Committee may not "pursue personal causes of action that belong to individual creditors of the Debtors." (Doc. 163-6 at 7-8.) Section 541 of the Bankruptcy Code creates the bankruptcy estate and defines what property comprises of and belongs to the estate. *See* 11 U.S.C. § 541. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Baillie Lumber Co., LP v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1315, 1319 (11th Cir. 2004) ("This includes legal causes of action the debtor had against others at the commencement of the bankruptcy case."). In the instant case, the Plan authorizes the Committee to act, pursuant to 11 U.S.C. § 1123(b)(3), as "representatives of the Estates" and grants the Committee exclusive standing to retain and enforce "all Causes of Action of the *Debtors*, their Affiliates and subsidiaries, and *the Estate*." (Doc. 163-1 at 23-24) (emphasis added).

General claims are those that belong to all creditors "without regard to the personal dealings" of other creditors, whereas personal claims are those that belong to creditors individually in that they themselves are "harmed and no other . . . creditor has an interest in the cause." *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1348-49 (7th Cir. 1987); *see also Caplin v. Marine Midland Grace Trust Co. of N.Y.*, 406 U.S. 416, 431-32 (1972) (explaining the danger of a trustee seeking to pursue personal claims on behalf of individual debenture holders); *In re Icarus Holding, LLC*, 391 F.3d at 1321. The distinguishing element between general and personal claims is whether the type of injury is "general and common" to debtors and creditors alike or whether the injury is "peculiar and personal" to the creditor itself. *Koch*, 831 F.2d at 1349.

Here, the Committee seeks to hold the Martin Defendants and Bellville liable for their alleged misrepresentations and omissions to "Investors and other creditors of the Debtors." (*See* Doc. 113 at ¶¶ 227-234.) As found above, the allegations against the Martin Defendants assert claims of direct, personal harm against the investors and creditors of the

7

Debtors because they each suffered individually by the Martin Defendants' alleged misconduct.  Nowhere in Count XXIV does the Committee allege the Debtors were harmed by the Martin Defendants' alleged failure to include certain material facts in their public filings.  In fact, Paragraph 234 of the Amended Complaint states, "The Investors and other creditors of the Debtors *were damaged* . . . as a result the fraudulent omissions and misrepresentations made by [the Martin Defendants] and Bellville, and the Committee is entitled to recover actual, punitive, and treble damages." (Doc. 113 at ¶ 234.)

Georgia and federal laws plainly show the Committee lacks standing to assert fraud claims against the Martin Defendants on behalf of "Investors and other creditors" of the Debtors.  Having so found, there is no genuine dispute as to any material fact that the Committee lacks standing to pursue personal claims on behalf of creditors of the Debtors.[2]

## CONCLUSION

For the reasons stated above, Defendants' W. Derek Martin, as Executor of the Estate of Vance R. Martin, W. Derek Martin, and Jefferey V. Martin Motion for Summary Judgment (Doc. 163) as to Count XXIV is **GRANTED.**  The Court declares there is no genuine dispute of material fact that Plaintiff Post-Confirmation Committee for Small Loans, Inc., *et al.* lacks standing to bring non-assignable fraud claims on behalf of Investors and other creditors against the Martin Defendants under Georgia and federal laws.  Thus, judgment is granted in favor of the Martin Defendants as to Count XXIV of the Amended Complaint (Doc. 113) and against the Committee.

**SO ORDERED,** this   17th   day of February, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Martin Defendants also indicate two individual investors, Mr. John N. McLendon and Mr. William D. Bragg, could not have relied on alleged fraudulent statements because their deposition testimony revealed that they had not read the statements.  (Doc. 163-6 at 10.)  Because such arguments are not pertinent to the instant motion, the Court makes no factual or legal finding on that matter.